UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRANDALL TECHNOLOGIES LLC,<br><br>                                     Plaintiff,<br>v.<br>GREATCALL INC.,<br><br>                                     Defendant. | Case No.: 18-CV-1396-CAB-MDD<br><br>**ORDER GRANTING IN PART MOTION FOR LEAVE TO AMEND COMPLAINT** |
| GREATCALL INC.,<br><br>                                     Counter Claimant,<br>v.<br>CRANDALL TECHNOLOGIES LLC,<br><br>                                     Counter Defendant. | [Doc. No. 18] |

      This matter is before the Court on Plaintiff's motion for leave to file a first amended complaint for patent infringement. Federal Rule of Civil Procedure 15 states that courts "should freely give leave [to amend] when justice so requires." "But a district court need not grant leave to amend where the amendment: (1) prejudices the other party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmeriSourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Defendant opposes the motion, arguing that Plaintiff unduly delayed in seeking the amendment, that the amendment would be futile, and that it is sought in bad faith. For the most part, the Court is not persuaded. The primary purpose of the proposed amended complaint is to add a claim for willful infringement based on Defendant's actions since this lawsuit was filed. Defendant argues that this claim is futile, but the gravamen of its argument goes to the merits of lawsuit as a whole, not whether the willful infringement claim would survive a motion to dismiss. Defendant implicitly acknowledges this fact in a footnote stating that it intends to file an early motion for summary judgment. Defendant is free to file such a motion, but its arguments about the lack of merit of Plaintiff's lawsuit are misplaced with respect to Plaintiff's desire to amend to add a willful infringement claim.

At the same time, the proposed amended complaint also includes a host of allegations about Defendant's alleged conduct in this litigation that ostensibly support a claim for enhanced damages. The Court agrees with Defendant that these allegations are unnecessary and that they are irrelevant to any alleged willful infringement by Defendant. Accordingly, these allegations, appearing at paragraphs 196 through 205 of the proposed amended complaint [Doc. No. 18-2], should not be included in the amended complaint Plaintiff files pursuant to this order.

For the foregoing reasons, the motion for leave to file an amended complaint is **GRANTED IN PART**. Plaintiff may file the first amended complaint attached to its motion, minus paragraphs 196 through 205. Plaintiff shall file this first amended complaint on or before **March 6, 2019**.

It is **SO ORDERED**.

Dated: March 1, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge